## John Gomersall *vs.* Joseph Gomersall.

In an action by one partner against his copartner, a declaration which sets forth, among other grounds of action, a claim for a balance of profits due to the plaintiff, but does not allege that the business of the firm has been closed, the accounts adjusted, and an ascertained balance in money found due to the plaintiff, is bad on demurrer.

CONTRACT. The declaration was as follows:

" And the plaintiff says that the defendant entered into a contract and agreement with the plaintiff, whereby they were to become copartners in the business of making and selling shoddy, to which copartnership the plaintiff contributed his time, skill and knowledge of said business, and the defendant was to furnish machinery, stock and cash capital ; said business and copartnership to continue for the space of three years, and the copartners were to share the profits or losses in equal parts And in pursuance of said agreement they entered upon said

business about the first day of December 1864, and continued the same with great profit and advantage to each of said copartners until about the 15th of September following, when the defendant, in violation of his said contract, took and seized into his own hands all the machinery, stock and appurtenances of said business, and refused to proceed therein with the plaintiff, or to furnish capital and stock or machinery, as by his agreement aforesaid, to said business, but with threats and violence took possession of the premises where said business was carried on, and forbade the plaintiff to have anything more to do in said business ; whereby said contract of copartnership was violated by the defendant, and the plaintiff was thrown out of employment, and cut off from the profits of said trade."

The defendant demurred, assigning as causes of demurrer that the declaration alleged an oral contract, not to be performed within one year ; and also a cause of action by one partner against another, upon partnership matters, before the termination of the partnership.

This demurrer was sustained in the superior court, and judgment rendered thereon for the defendant ; and the plaintiff appealed to this court.

*H. N. Merrill & D. M. Kelley,* for the plaintiff.

*C. Sewall,* for the defendant.

BIGELOW, C. J. This demurrer must be sustained. The declaration includes a claim for profits by one copartner against another, alleged to be due to the plaintiff as a member of a copartnership, and derived from the joint transactions of the firm. It is not averred that the business of the firm has been closed and its dealings and accounts adjusted and settled, so that there is now due to the plaintiff as the result of all the copartnership transactions an ascertained balance in money. Without such averment, no action at law can be maintained by the plaintiff for that portion of the claim set forth in the declaration which embraces an alleged share of the profits of the business of the firm as due to the plaintiff. Such averment and proof to sustain it are essential to the maintenance of an action at law by one copartner against another, to recover a balance resulting

from the joint dealings. *Williams* v. *Henshaw*, 11 Pick. 81 *S. C.* 12 Pick. 378. *Capen* v. *Barrows*, 1 Gray, 376. As the declaration is for an entire claim, and embraces a subject matter on which an action at law will not lie, we cannot be called on in the form in which the case is now before us to say whether some portion of the allegations in the declaration, when set forth as a distinct and substantial ground of claim, will support an action at law. As the case now stands, the order must be

*Demurrer sustained.*